IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STARLENA G. GOFF,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 2:16-cv-05689

FRONTIER COMMUNICATIONS
OF AMERICA, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are two motions to dismiss. For the reasons that follow, the motion filed by Prudential Life Insurance Company of America and joined by Frontier West Virginia, Inc. is **GRANTED**. (ECF No. 5.) The motion filed individually by Frontier West Virginia, Inc. is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 7.)

I.    BACKGROUND

Plaintiff Starlena Goff is a resident of Kanawha County, West Virginia and a former employee of Frontier West Virginia, Inc. ("Frontier").[1] (Compl. ¶¶ 1, 60.) During the course of her employment, Plaintiff applied for disability benefits pursuant to an insurance plan offered by Frontier through the Prudential Life Insurance Company of America ("Prudential"). Prudential paid partial benefits but refused to provide coverage for Plaintiff's entire disability claim. (*Id.* ¶

---

[1] Frontier alleges that Plaintiff incorrectly named Frontier Communications of America, Inc. as a defendant to the Complaint, and that Plaintiff's employer, Frontier West Virginia, Inc., is the appropriate corporate defendant. Plaintiff does not contest this assertion.

10.) The Complaint alleges that Frontier subsequently terminated Plaintiff's employment due to her disability. (*Id.* ¶ 60.)

On May 13, 2016, Plaintiff filed a lawsuit against Frontier and Prudential in West Virginia state court. The eight-count Complaint alleges breach of contract (Count I), violations of the West Virginia Unfair Trade Practices Act ("WVUTPA") (Count II), common law bad faith (Count III), negligence in selling the insurance policy (Count IV), breach of reasonable expectations (Count V), breach of contract (Count VII), violations of the West Virginia Human Rights Act (Count VIII), and a claim under the Employee Retirement Income Security Act ("ERISA") (Count IX).[2] The Complaint specifies that Counts VII and VIII are brought only against Frontier, while Count IX is brought against Prudential. As for Counts I through V, it is unclear whether Plaintiff brings these claims against Prudential exclusively or against both defendants.

Prudential and Frontier (collectively, "Defendants") removed this action on June 24, 2016. In their notice of removal and as a basis for federal subject-matter jurisdiction, Defendants observe that Plaintiff explicitly pleads an ERISA claim in Count IX.[3] Defendants further maintain ERISA preempts Plaintiff's other claims insofar as the claims seek to recover disability benefits under an employee benefit plan. Plaintiff did not file a motion to remand. Later, Defendants jointly moved to dismiss Counts I through V on grounds of preemption. Noting that Plaintiff failed to

---

[2] The Complaint has been misnumbered and does not contain a Count VI. To avoid confusion, the Court maintains the numerical designation assigned to each cause of action in the Complaint.

[3] It appears that Plaintiff included Count IX as an attempt to save her insurance-related claims against Prudential in the event those claims were dismissed as preempted. Count IX alleges:
> While plaintiff disputes the claims as set forth above, against Prudential, are covered by ERISA, to the extent they [sic] same are, plaintiff pleads that Prudential violated the same and by its violation has ca[u]sed harm to plaintiff which entitles plaintiff to benefits of the policy, costs, and attorney's fees, and whatever other relief maybe [sic] available or the court deems available.

(Compl. ¶ 66.)

2

attach to the Complaint the employee benefit plan at issue, Defendants supplied a copy of the Group Insurance Contract administered by Prudential and asked the Court to consider this document in ruling on the motion to dismiss. Frontier also filed an individual motion to dismiss Counts VII and VIII. Plaintiff has not responded to either motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

*A. Defendants' Joint Motion to Dismiss*

In this motion to dismiss, Prudential argues that the claims alleged in Counts I through V all relate to Prudential's obligations under an employee benefit plan and are therefore preempted by ERISA.[4] Because it is unclear whether Plaintiff brings Counts I through V against Frontier as well as Prudential, Frontier joins in this motion as a precaution. Though it appears that Plaintiff brings Counts I through V exclusively against Prudential, the rulings made herein would apply equally to Frontier.

*i. Extrinsic Evidence*

Before assessing the merits of Prudential's arguments, the Court must address the threshold question of whether the Group Insurance Contract is suitable for consideration at this stage of the litigation. Generally, a court should not consider evidence extrinsic to the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). In doing so, the court must typically convert the motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d). An exception applies where the documents attached to the motion to dismiss are "integral to and explicitly relied on in the complaint and . . . the plaintiffs do not challenge [their] authenticity." *Am. Chiropractic Ass'n*, 367 F.3d at 234 (internal quotation marks and citation omitted). Plaintiff does not challenge the authenticity of the Group Insurance Contract; in fact, she explicitly relies on this contract in drafting her allegations against Prudential. (*See* Compl. ¶ 15 ("Prudential has breached the contract that it entered into with the plaintiff.")). It is from the Group Insurance Contract that Prudential's legal

---

[4] As the Court will explain, the arguments made in this motion are primarily Prudential's. From this point forward, the Court refers to Defendants' joint motion to dismiss as Prudential's motion.

obligations to Plaintiff allegedly arise. As such, the Court finds that it may rely on this document without converting the motion to dismiss to a motion for summary judgment.

  *ii.*  *ERISA Preemption*

ERISA § 514 "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). This provision broadly preempts state laws that conflict with ERISA. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186–87 (4th Cir. 2002) ("Under ordinary conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as a 'federal defense to the plaintiff's suit.'" (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987))). ERISA also implicates complete preemption, where "Congress 'so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* at 187 (quoting *Taylor*, 481 U.S. at 63–64). ERISA completely preempts state law claims that "fall within the scope of an ERISA provision that [a plaintiff] can enforce via § 502(a)." *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)). In such circumstances, the plaintiff's state law claims are converted into federal claims arising under ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[T]he ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (internal quotation marks and citation omitted)).

Prudential argues that Plaintiff's breach of contract, WVUTPA, bad faith, negligence, and breach of reasonable expectations claims all "relate to" the ERISA benefit plan at issue and thus

fall within ERISA's broad preemption provision.[5] Recognizing that the phrase "relate to" has potentially unlimited application, the Supreme Court has clarified that a particular state law relates to an ERISA plan when it falls under of one of these three preemption categories: "1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo*, 292 F.3d at 190 (citing *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658–59 (1995)).

"A state claim is an alternative enforcement mechanism for ERISA rights if the state claim could be brought as an enforcement action under § 502."[6] *Darcangelo*, 292 F.3d at 191. Section 502 permits ERISA plan participants to "enforce [their] rights under the terms of the [ERISA] plan." 29 U.S.C. § 1132(a)(1)(B). This civil enforcement provision affords a plan participant or beneficiary the right (1) to recover benefits due under the terms of the plan, (2) to enforce rights under the terms of the plan, and (3) to clarify rights to future benefits. *Id.* The Court construes Plaintiff's breach of contract claim as an alternative enforcement mechanism for ERISA. Plaintiff asks the Court to "enforce the contract in question" and to "provide the plaintiff benefits due under the insurance policy." (Compl. ¶ 20.) The Group Insurance Contract reveals that Frontier contracted with Prudential to provide insurance coverage for its employees. (ECF No. 21-1 at 1.)

---

[5] Prudential overlooks the fact that reasonable expectations is not a cause of action under West Virginia law. As discussed in Section III.A.iii, the Court dismisses the reasonable expectations claim on that basis and has not considered whether ERISA preemption would apply.

[6] As the Fourth Circuit noted in *Darcangelo*, the tests for the two categories of preemption sometimes overlap. Like in *Darcangelo*, the "relate to" question in this case turns on whether Plaintiff's claims are alternative enforcement mechanisms to § 502. Thus, "when a state law claim is completely preempted as an alternative enforcement mechanism under § 502, it will also be 'related to' an ERISA plan and preempted under § 514." 292 F.3d at 191 n.3.

6

Quite clearly, the contract Plaintiff seeks to enforce is an ERISA plan. As such, Count I for breach of contract "is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'relate[d] to' an ERISA plan and preempted by § 514." *Darcangelo*, 292 F.3d at 195.

Where a claim is completely preempted by ERISA § 502, the typical practice is not to dismiss the claim as preempted, but to treat it as a federal claim under § 502. *Id.* at 195. Here, however, Plaintiff has already alleged an ERISA claim for recovery of benefits in Count IX. (Compl. ¶ 66.) The Court therefore **GRANTS** the motion to dismiss Count I.

Count II sets forth a claim under the WVUTPA. The WVUTPA regulates trade practices in the insurance industry by defining and outlawing a number of unfair or deceptive business practices. *See* W. Va. Code § 33-11-1. Plaintiff asserts a number of business practices on the part of Prudential that she alleges ran afoul of the WVUTPA, including delayed claims handling, failure to conduct a proper investigation, and misrepresentation of coverage. (Compl. ¶ 23.) Underlying these allegations is the contention that Prudential denied Plaintiff disability benefits under the terms of a contract which qualifies as an employee benefit plan. This claim similarly constitutes an alternative method of enforcing rights under an ERISA plan, § 502, and thus also arises from state law "relating to" an ERISA plan, § 514. *Robertson v. Nat'l Asbestos Workers Pension Fund*, No. 3:10-1092, 2011 WL 672057, at *2 (S.D. W. Va. Feb. 14, 2011) (noting WVUTPA claims are completely preempted by ERISA where they "relate to" the processing of benefits under an ERISA plan); *Summer v. Carelink Health Plans, Inc.*, 461 F. Supp. 2d 482, 486 (S.D. W. Va. 2006) (finding a WVUTPA claim is an alternative enforcement mechanism for rights enforceable by § 502). Consequently, Plaintiff's WVUTPA claim is preempted.

The Court notes that Plaintiff's WVUTPA claim seeks recovery of benefits, compensatory and punitive damages, and attorney fees. Monetary damages for failure to pay benefits are not recoverable under ERISA, *see Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 384 (4th Cir. 2001), and the Fourth Circuit has held that state law claims seeking remedies outside the scope of ERISA's civil enforcement provision should be dismissed. *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 290 (4th Cir. 2003) ("[T]he district court must consider only remedies authorized by § 502(a) and must reject all others."). Inasmuch as Plaintiff's WVUTPA claim does not seek equitable or other permissible relief beyond that already sought in Count IX, the Court **GRANTS** the motion to dismiss Count II.

Counts III and IV allege negligence and bad faith. In support of her bad faith claim, Plaintiff avers "the defendants breached the duty of good faith and fair dealing by placing their interests above that of their insured." (Compl. ¶ 34.) *See* Syl. Pt. 2, *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 716 S.E.2d 696 (W. Va. 2011) ("A first-party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim filed by the insured."). She adds that Prudential acted with actual malice in denying benefits to which Plaintiff argues she was legitimately entitled. (Compl. ¶¶ 32, 35.) The negligence claim alleges that Prudential had a "duty to sell the plaintiff a suitable insurance policy" and that Prudential breached its duty by failing to provide a policy sufficient to meet Plaintiff's need. (*Id.* ¶¶ 40–41.)

These claims may be read as asserting the same claim for enforcement of the fiduciary requirements of ERISA and of Plaintiff's specific ERISA plan. 29 U.S.C. § 1104(a)(1) (requiring an ERISA fiduciary to "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries"). As the administrator of the ERISA plan at issue, Prudential is a

8

fiduciary for purposes of ERISA when exercising discretionary authority or control over the management or administration of such plan. *See Custer v. Sweeney*, 89 F.3d 1156, 1161 (4th Cir. 1996) (summarizing ERISA's definition of a fiduciary located in 29 U.S.C. § 1002(21)(A)). Further, in *Griggs*, the Fourth Circuit recognized that an ERISA fiduciary is duty-bound to communicate accurate information to a beneficiary about insurance coverage and to avoid misrepresentations of material facts. 237 F.3d at 378; *but see id.* at 381 ("ERISA does not impose a general duty requiring ERISA fiduciaries to ascertain on an individual basis whether each beneficiary understands the collateral consequences of his or her particular election.").

The same discretionary administrative functions lie at the heart of Plaintiff's bad faith and negligence claims. Plaintiff believes that Prudential knew, or should have known, of the extent of her need and was obligated to inform her of an interpretation of the plan that would exclude her from full coverage. *See id.* at 381 ("[A]n ERISA fiduciary that knows or should know that a beneficiary labors under a material misunderstanding of plan benefits that will inure to his detriment cannot remain silent . . . ."). Then, once she entered into the plan, Plaintiff claims that Prudential placed its interests ahead of her own in settling Plaintiff's disability claim. These allegations fall within the scope of § 1132(a)(3) and are thus completely preempted by ERISA. *Int'l Union v. Mystic, LLC*, No. 5:16-cv-02030, 2016 WL 4596353, at *11–12 (S.D. W. Va. Sept. 2, 2016) (finding claim for breach of the duty of good faith and fair dealing was, fundamentally, a claim for breach of fiduciary duty and subject to preemption); *Summer*, 461 F. Supp. 2d at 486 (ERISA § 502 completely preempts claims alleging breach of the common law duty of good faith and fair dealing); *Tingler v. Unum Life. Ins. Co.*, No. 6:02-1285, 2003 WL 1746202, at * 4 (S.D.

9

W. Va. Apr. 2, 2003) (claim of negligence was akin to ERISA claim for breach of fiduciary duty and thus preempted).

This leaves the question of whether Counts III and IV should be dismissed, as Prudential suggests, or merely converted into federal ERISA claims. This Court has held that claims for breach of fiduciary duty are not cognizable under ERISA where the beneficiary has an adequate claim for denial of benefits under § 1132(a)(1)(B). *Tingler*, 2003 WL 1746202, at \*4; *Coffman v. Metro. Life Ins. Co.*, 138 F. Supp. 2d 764, 765 (S.D.W. Va. 2001). "Where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Coffman*, 138 F. Supp. 2d at 765 (quoting *Dwyer v. Metro. Life Ins. Co.*, 4 Fed. App'x 133, 142 (4th Cir. 2001) (internal quotation marks omitted). The availability of another avenue of relief—specifically, Plaintiff's claim for recovery of benefits in Count IX—forecloses her fiduciary claims as an individual plan beneficiary. *Dwyer*, 4 Fed. App'x at 142.

To summarize, Plaintiff's breach of contract claim against Prudential is completely preempted. While this claim would normally be converted into a claim for enforcement of contractual rights under § 502(a)(1)(B), Plaintiff has already alleged such a claim in Count IX. Count I is therefore **DISMISSED**. Plaintiff's WVUTPA claim is also an alternative enforcement mechanism for ERISA. Since this claim requests damages unavailable under ERISA and is duplicative of that alleged under § 502(a)(1)(B), Count II is **DISMISSED**. Plaintiff's negligence and bad faith claims relate to the ERISA plan because they seek to enforce fiduciary obligations under the Group Insurance Contract. 29 U.S.C. § 1132(a)(1)–(4). Because Plaintiff has an

adequate remedy under § 502(a)(1)(B), Counts III and IV, which are completely preempted by ERISA, are hereby **DISMISSED**.

### iii. *Reasonable Expectations Claim*

Count V of Plaintiff's Complaint purports to set forth a claim for "breach of reasonable expectations." (Compl. ¶ 48.) The doctrine of reasonable expectations provides that with regard to contracts for insurance, a beneficiary's objectively reasonable expectations of coverage "will be honored even though painstaking study of the policy provisions would have negated those expectations." Syl. Pt. 8, *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488 (W. Va. 1987), *overruled on other grounds by Potesta v. U.S Fid. & Guar. Co.*, 504 S.E.2d 135 (W. Va. 1998). The doctrine is no more than a rule of construction, however—it does not create a cause of action. *State ex rel. Erie Ins. Property and Cas. Co. v. Beane*, No. 15–0968, 2016 WL 3392560, at *2 n.2 (W. Va. Jun. 13, 2016) ("This Court wishes to clarify that the doctrine of reasonable expectations is not a stand-alone cause of action but rather a rule of construction applicable to insurance contracts." (citing *Jenkins v. State Farm Mut. Auto Ins. Co.*, 632 S.E.2d 346, 352 (W. Va. 2006))). The Court construes Plaintiff's reasonable expectations claim as a second state-law claim for breach of contract. Because it seeks recovery of benefits under an ERISA plan, the claim is subject to ERISA preemption and duplicative of the ERISA claim alleged in Count IX. Count V will be **DISMISSED**.

### B. *Frontier's Motion to Dismiss*

Frontier moves to dismiss Counts VII and VIII, alleging first, that Plaintiff has not stated a plausible breach of contract claim and second, that Plaintiff's West Virginia Human Rights Act ("WVHRA") claim is barred by the applicable two-year statute of limitations.

To state a claim for breach of contract, Plaintiff must allege facts sufficient to support each of these elements: "formation of a contact, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 759 S.E.2d 795 (W. Va. 2014)); *see Exec. Risk Indem., Inc., v. Charleston Area Med. Ctr. Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009 (requiring the plaintiff to allege "the existence of a valid, enforceable contract," the plaintiff's performance under that contract, breach on the part of the defendant, and injury incurred by plaintiff as a result). The formation of a contract requires an offer and an acceptance, supported by consideration. Syl. Pt. 2, *N. Am. Royal Coal Co. v. Mountaineer Developers, Inc.*, 239 S.E.2d 673 (W. Va. 1977) (citation omitted). Such consideration could consist of "some right interest, profit, or benefit accruing to . . . one party, or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." *State ex rel. Saylor v. Wilkes*, 613 S.E.2d 914, 923 (W. Va. 2005) (quoting 17 Am. Jr. 2d, Contracts, § 85).

Plaintiff's breach of contract claim against Frontier fails to provide sufficient detail to state a plausible claim for relief. Simply put, Plaintiff fails to allege the existence of an enforceable contract. Plaintiff alleges only that "[she] entered into a valid and binding . . . contract with Frontier," and that "Frontier breached the contract by cutting plaintiff[']s pay, benefits, and hours once she became disabled." (Compl. ¶¶ 54, 55.) Plaintiff offers no detail concerning the subject of the contract, its terms, the manner of acceptance, or the consideration, if any. Without these essential details, the Court has no way to ascertain whether Plaintiff has plausibly alleged the presence of a legal obligation, much less a breach of that obligation, on the part of Frontier.

12

Plaintiff's breach of contract claim against Frontier is legally insufficient. The motion to dismiss Count VII is **GRANTED**.

Frontier also seeks the dismissal of Count VIII, arguing that Plaintiff's WVHRA claim is time-barred. The statute of limitations for a WVHRA claim is two years. *McCourt v. Oneida Coal Co., Inc.*, 425 S.E.2d 602, 606 (W. Va. 1992) (citing W. Va. Code § 55-2-12). The statute of limitations typically begins to run from the date of the adverse employment action, in this case, Plaintiff's termination. *Id.* at 607. The date of Plaintiff's termination is not specified in the Complaint, but Frontier attaches to its motion to dismiss a "Resignation Notice" indicating that Plaintiff retired from her employment on January 22, 2014. Frontier asks the Court to consider this document in evaluating the timeliness of Plaintiff's claim.

As stated previously, external evidence is generally not considered in resolving a 12(b)(6) motion to dismiss. Unlike the insurance contract put forward by Prudential, the Resignation Notice relied upon by Frontier is neither "integral to nor explicitly relied on in the complaint." *Am. Chiropractic*, 367 F.3d at 234 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Plaintiff alleges that she was unlawfully terminated due to her disability, (Compl. ¶ 60), and the Resignation Notice arguably establishes the date of Plaintiff's termination. However, even if the Court assumes the authenticity of this document, Plaintiff need not rely on the Resignation Notice to prove her WVHRA claim. A prima facie case of employment discrimination under the WVHRA requires proof "(1) [t]hat the plaintiff is a member of a protected class[,] (2) [t]hat the employer made an adverse decision concerning the plaintiff[,] [and] (3) [b]ut for the plaintiff's protected status, the adverse decision would not have been made." *Knotts v. Grafton City Hosp.*, 786 S.E.2d 188, 195 (W. Va. 2016) (citing Syl. Pt. 3, *Conway v. E. Associated*

*Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986)). Presumably, Plaintiff could offer any one of a number of employment records, or even her own testimony, as proof of the adverse employment action in this case. The Court therefore declines to consider Frontier's exhibit at the Rule 12(b)(6) stage of the case and **DENIES** the motion to dismiss Count VIII.

### IV. CONCLUSION

For these reasons, the motion to dismiss filed jointly by Prudential and Frontier is **GRANTED**. (ECF No. 5.) Counts I, II, III, IV, and V are hereby **DISMISSED**. Frontier's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 7.) With respect to Count VII, Frontier's motion to dismiss is **GRANTED**. Frontier's motion to dismiss Count VIII is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 1, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE